# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 11 |
| ) | |
| YC ATLANTA HOTEL LLC, ) | CASE NO. 21-50964-bem |
| ) | |
| DEBTOR ) | |
| _____ ) | _____ |

### UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION OF DEBTOR IN POSSESSION TO EMPLOY GGG PARTNERS, LLC AS FINANCIAL ADVISORS TO DEBTOR

COMES NOW Nancy J. Gargula, the United States Trustee for Region 21, in furtherance of her administrative responsibilities imposed by 28 U.S.C. §586(a), and in accordance with 11 U.S.C. § §§ 327 and 1103, and Fed. R. Bankr. P. 2014, files this objection[1] to the Debtor's Application for Authority to Employ GGG Partners, LLC as Financial Advisors to the Debtor (the "Application") [Doc. No. 29] states as follows:

## STANDING

1. Pursuant to 28 U.S.C. § 586(a)(3)(I) the United States Trustee's duties include supervising the administration of chapter 11 cases.

2. The United States Trustee has standing to object to the employment of professional persons explicitly under 11 U.S.C. § 327(c) and 28 U.S.C. § 586(a)(3)(I), and generally under 11 U.S.C. § 307.

3. The United States Trustee files this objection in furtherance of her duties and responsibilities pursuant to 28 U.S.C. § 586 and in accordance with 11 U.S.C. § §§ 327 and 1103, and Fed. R. Bankr. P. 2014.

---

[1] The United States Trustee bases this objection on information presently available to her and gives notice that she may amend or withdraw this motion upon receipt of additional information.

## **FACTS**

4.      On February 3, 2021, YC Atlanta Hotel LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code.

5.      To date, no Official Committee of Unsecured Creditors or Chapter 11 trustee has been appointed in Debtor's case, and Debtor continues in possession of its property and operating its business as debtor-in-possession, consistent with 11 U.S.C. §§ 1107 and 1108.

6.      Debtor describes its business activity is the owner and operator of a Clarion Inn Hotel in College Park, Georgia. The hotel is a commercial establishment offering paid accommodations, meals and other services for travelers and the public.

7.      Debtor is a Georgia limited liability company with a single member.

8.      Debtor's sole member is the YC Fernley Hotel LLC with 100% ownership interest in the Debtor. YC Fernley Hotel LLC has three shareholder, Balbir S. Gosal ("Mr. Gosal") with a fifty percent (50.00%) interest; Baldev S. Johal ("Mr. Johal) with a twenty-five percent (25.00%) interest; and Ranjit S. Johal with a twenty-five percent (25.00%) interest.

9.      On February 12, 2021 the Debtor filed an Application for Authority to Retain GGG Partners, LLC (the "Application") as Financial Advisors to the Debtor. Included in its Application is Exhibit "A" the fully executed Professional Services Agreement ("Engagement Letter") dated February 8, 2021.

10.     Pursuant to the Application the Debtor seeks to employ GGG Partners, LLC ("GGG") with a retroactive effective date of February 3, 2021, the date of filing the petition for relief. The Debtor seeks to have "GGG provide such financial advisory services as GGG and the Debtor shall deem appropriate and feasible to advise the Debtor in the course of its Chapter 11 case, including those

services listed in that certain Engagement Letter dated February 8, 2021" and certain other services to include but are not limited to the following:

(a) Assisting with the preparation of cash flow forecasts and the continuous monitoring of the cash position, cash collateral usage, and projected liquidity of the Debtor's business;

(b) Assisting the Debtor and its bankruptcy counsel with matters relating to the bankruptcy, including, without limitation, attendance, as necessary, at court hearings on various matters as they arise, assistance with the preparation of the Debtor's plan of reorganization and the disclosure statement, discussion and negotiation of plan provisions with various creditors as may be necessary, preparation of detailed projections in support of any plan of reorganization, and provision of expert testimony related to the same;

(c) Being available to the Debtor to address other matters relating to the operation and reorganization of the Debtor's business as requested by the Debtor's counsel or by management; and

(d) Providing any other services that may be required or advisable as financial advisor to the Debtor.

11.  In the current Application the terms of retention include the payment of a $5,000.00 retainer to GGG upon execution of the Engagement Letter, such retainer being replenished by the Debtor when the retainer reaches $1,000.00 and compensation payable to GGG at the following hourly rates: Richard Gaudet at $395.00 and Jessica Talley Peterson at $350.00. GGG will also be reimbursed for actual and necessary expenses and other charges incurred by GGG more fully detailed in the Engagement Letter.

12.  According to the February 8, 2021 Professional Services Agreement ("Engagement Letter") between GGG Partners, LLC ("GGG") and the Debtor, GGG will provide consulting, financial analysis, plan preparation, feasibility analysis and other expert services as may be required in the preparation and confirmation of Client's Chapter 11 Plan of Reorganization (the "Services").

13. GGG's relationship to the Debtor is that of an independent contractor and pursuant to paragraph four of the Engagement Letter the Debtor agrees to indemnify and hold harmless GGG and each of its equity holder, managers, directors, officers, employees and GGG subcontractors and agents (each "GGG Indemnified Persons) unless a court of competent jurisdiction by final judgment determines that actions taken or omitted by GGG Indemnified Persons dur to his bad faith or willful misconduct.

14. Last, pursuant to paragraph four of the Engagement Letter the obligations of the Debtor under paragraphs three and four survive the completion or termination of the Engagement Letter and are binding upon the Debtor's successors and assigns.

15. As required by Fed. R. Bankr. P. 2014(a), the Application contains a sworn declaration executed by Mr. Richard Gaudet (the "Declaration'). The Declaration discloses Mr. Gaudet' s relationship to GGG, along with the following sworn statements:

> 2. In connection with the preparation of this Declaration, GGG conducted a review of its contacts with the Debtors and certain entities holding large claims against, or interests in, the Debtor that were reasonably known to GGG. GGG's review, completed under my supervision, consisted of a review of (i) the Debtor, (ii) the Debtor's pre-petition secured lenders, (iii) the Debtor's other professionals, (iv) insiders and affiliates of the Debtor, and (v) the Debtor's creditors as listed on the creditor mailing matrix.
>
> 3. Based on the results of its review, GGG discloses the following relationships and connections:
>
> a. GGG and I have previously provided financial advisory services to the Debtor

pre-petition;

    b. GGG and I have previously provided and are still providing financial advisory services to affiliates of the Debtor in matters wholly unrelated to this case.

    c. GGG and I have previously provided and are still providing financial advisory services to other clients of Stone & Baxter, LLP in matters wholly unrelated to this case.

4. To the best of my knowledge, information, and belief, no one within GGG has any connection with the United States Trustee or any person employed in the office of the United States Trustee in this District.

5. Except as specifically provided herein, and to the best of my knowledge, GGG is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code.

6. In addition, to the best of my knowledge and based on the results of the relationship search described herein, GGG neither holds nor represents an interest adverse to the Debtor within the meaning of Section 327(a) of the Bankruptcy Code.

**ARGUMENT**

23. Bankruptcy Rule 2014(a) requires that an application for an order approving the employment of an appraiser or other professional and be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other parties in interest, their respective attorneys and accountants, the United States trustee, or any other person employed in the office of the United States trustee.

24. The purpose of Rule 2014's stringent disclosure requirements is to ensure the bankruptcy court is informed of all facts that may be relevant to its determination of disinterestedness. *In re Granite Sheet Metal Works, Inc.,* 159 B.R. 840, 845 (Bankr. S.D. Ill. 1993); *In re Lee*, 94 B.R. 172, 176 (Bankr. C.D. Cal. 1988). "Proper and adequate notice is the most important element in all

bankruptcy proceedings.  In the context of an employment application, such notice, to be effective, requires disclosure." *In re Automend, Inc.,* 85 B.R. 173, 179 (Bankr. N.D. Ga. 1988). The applicant must not burden the Court or the United States Trustee with the task of identifying disqualifying connections or relationships. Rather, counsel must identify and evaluate all pertinent connections or relationships.  "The Court has no duty to search the file to ferret out information of actual or potential adverse interests or other evidence of noncompliance with 11 U.S.C. § 327.  It is the attorney's duty to so warn the Court."  Id. at 178.

25. "[R]ule ... [2014] does not give the [professional] the right to withhold certain information on the grounds that, in the [professional's] opinion, the connection is of no consequence or is not adverse." *In re Coastal Equities, Inc.,* 39 B.R. 304, 308 (Bankr. S.D. Cal. 1984). *See also In re Arlan's Dept. Stores, Inc.,* 615 F.2d 925, 932 (2d Cir. 1979); *In re Haldeman Pipe & Supply Co.,* 417 F.2d 1302, 1304 (9th Cir. 1969). Even connections that seem to the professional to be trivial must be disclosed.  In re Begun, 162 B.R. 168, 177 (Bankr. N.D. Ill. 1993).

25. The United States Trustee submits that the Application and Declaration are deficient and fail to comply with Rule 2014 as GGG Partners, LLC and Richard Gaudet have been employed by the Debtor pre-petition, have and are still providing financial advisory services to affiliates of the Debtor, providing only what appears to be a limited review consisting of "certain entities holding the largest claims against, or interests in the Debtor that were reasonably know to GGG" and the statements are general in nature and vague and fail to ***"demonstrate[s] preliminarily that the Applicant is disinterested"*** and not adverse to Debtor or to the estate" with respect to the matter for which GGG is to be employed.

26. The United States Trustee objects to the request for *nunc pro tunc* treatment or retroactive

employment effective date. As relates to *nunc pro tunc* orders, the Supreme Court stated that:

> Federal courts may issue *nunc pro tunc* orders or "now for then" orders … to "reflect the reality" of what has actually occurred. "Such a decree presupposes a decree allowed, or ordered, but not entered, through inadvertence of the court."… Put colorfully, "[n]unc pro tunc orders are not some <u>Orwellian vehicle for revisionist history</u> - creating 'facts' that never occurred in fact."

<u>See</u> <u>Roman Catholic Archdiocese of San Juan</u>, 140 S.Ct. at 700-01 (emphasis added).

According to Debtor's Application it seeks to employ GGG with an effective date of February 3, 2021. In other words, it appears that the Employment Application sought an order approving Special Counsel's employment *nunc pro tunc* or retroactive to the Petition Date.

27. There is, however, no indication that the Court had intended (but through some inadvertence was unable) to enter an Order approving GGG's employment on a date that preceded the filing of the Employment Application. Entry of such an Order now would not comport with the facts of the case.

28. Thus, by virtue of <u>Roman Catholic Archdiocese of San Juan</u>, it would be inappropriate for the Court to issue an Order authorizing Special Counsel's employment *nunc pro tunc* or retroactive to a date that precedes approval of the Employment Application. *See In re Benitez*, 2020 WL 1272258, at *2 (Bankr. E.D.N.Y. March 13, 2020) ("This Court's reading of <u>Acevedo</u> is that utilizing *nunc pro tunc* orders to approve the retention of estate professionals retroactive to some date prior to the actual date of court approval is inappropriate."); *In re Roberts*, 2020 WL 4195204, at *3 (Bankr. S.D. Oh. July 15, 2020) ("Based on the Supreme Court's ruling, the use of *nunc pro tunc* orders to retroactively seek employment of professionals is an improper use of the mechanism and this court will no longer enter such orders.").

27. The United States Trustee objects to paragraphs three and four to the extent those provisions survive the completion or termination of the Engagement Letter and are binding upon the Debtor's successors and assigns.

28. The United States Trustee reserves any and all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter and/or modify this objection, file an appropriate Motion and/or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

**WHEREFORE,** the United States Trustee requests that this objection be considered, that the Application be denied, that she be heard at the hearing on this matter, and for such other relief as the Court deems appropriate.

Respectfully submitted,
NANCY J. GARGULA
UNITED STATES TRUSTEE
REGION 21

_/s/_

Vanessa A. Leo, GBN: 410598
United States Department of Justice
Office of the United States Trustee

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day served the foregoing United States Trustee's Objection Application for Authority to Employ GGG Partners, LLC as Financial Advisors to the Debtor using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

David L. Bury    dbury@stoneandbaxter.com,
MBelflower@stoneandbaxter.com;lchapman@stoneandbaxter.com;7732720420@filings.docketbird.com
Thomas B. Norton    tnorton@stoneandbaxter.com,
lford@stoneandbaxter.com;mbelflower@stoneandbaxter.com
Andres H. Sandoval    andres.sandoval@usdoj.gov,
charlie.cromwell@usdoj.gov;Larissa.selchenkova@usdoj.gov
Graham H. Stieglitz    gstiegli@burr.com
Ward Stone    wstone@stoneandbaxter.com,
dbury@stoneandbaxter.com;mcathey@stoneandbaxter.com;lford-faherty@stoneandbaxter.com;MBelflower@stoneandbaxter.com;lchapman@stoneandbaxter.com
Adolyn C. Wyatt    awyatt@burr.com, dsteiger@burr.com

I further certify that on this day, I caused a copy of this document to be served via United States First Class Mail, with adequate postage prepaid on the following parties at the address shown for each:

GGG Partners, LLC
3155 Roswell Road NW
Suite 120
Atlanta, GA 30305

Dated: March 8, 2021

NANCY J. GARGULA
UNITED STATES TRUSTEE
REGION 21
_____/s/_____
Vanessa A. Leo, GBN: 410598
United States Department of Justice
Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303
404-331-4437