# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |  |
|---|---|---|
| IN RE:<br><br>YC ATLANTA HOTEL LLC,<br><br>Debtor, | ) ) ) ) ) ) ) ) ) | **Chapter 11**<br>**Case No. 21-50964-bem** |

## ACCESS POINT FINANCIAL, LLC'S LIMITED RESPONSE
## TO DEBTOR'S STATUS REPORT

COMES NOW, Access Point Financial, LLC ("Access Point"), by and through undersigned counsel, and hereby files this limited response (the "Response") to the *Debtor's Status Report Regarding Cash Collateral* (Dkt. No. 112) (the "Status Report") and shows the Court the following:

1. Access Point files this Response to the extent that YC Atlanta Hotel LLC (the "Debtor") intimates that there has been any bad faith on behalf of Access Point in finalizing the parties' agreement on a final cash collateral order and to report that Access Point believes Court intervention is necessary to resolve the Debtor's efforts to use of cash collateral as well as the previous alleged violations of an order of this Court.

2. Access Point worked diligently to resolve the cash collateral issues present in this case, but an agreement is not possible. The Debtor attempted to make a material departure from the agreed upon terms of the agreement and would not agree to be bound by its original terms.

3. By way of background, on March 22, 2021, counsel for Access Point emailed Debtor's counsel regarding the delineation of tasks regarding the order which would capture the

45313508 v5

parties' cash collateral agreement.  Debtor's counsel agreed to the proposed separation of tasks to which counsel for Access Point would draft the proposed consent order and Debtor's counsel would draft the cash collateral budget.  A true and correct copy of this email chain is attached hereto as **Exhibit A**.

4. Counsel for Access Point, at 12:04 am on March 25, 2021, transmitted for comment its draft final cash collateral order to counsel for the SBA, the US Trustee and the Debtor. A true and correct copy of this email is attached hereto as **Exhibit B**.

5. In the afternoon of March 30, 2021, eight days after announcement of settlement to this Court, Debtor's counsel sent its proposed budget to counsel for Access Point which involved several increases in the budgeted amounts.  On March 31, 2021 counsel for Access Point responded to this proposed budget outlining the issues it had with the proposed budget.  A true and correct copy of this email chain is attached as **Exhibit C**.

6. Additionally in the afternoon of March 30, 2021, eight days after announcement of settlement to this Court and six days after receiving the draft cash collateral order the Debtor sent Access Point its revisions to the proposed final cash collateral order.  That evening, counsel for the SBA indicated that he had forthcoming modifications.  Counsel for Access Point indicated he would provide comments once the SBA and Debtor had resolved their issues.  A true and correct copy of this email chain is attached hereto as **Exhibit D**.

7. Just before 4 pm on March 31, 2021, a series of emails from counsel for the SBA and Debtor transmitted the revised draft final cash collateral order to, among others, counsel for Access Point.  On March 31, 2021, at 6:45 pm counsel for Access Point responded to Debtor's counsel regarding the draft final cash collateral order and its recognition that several of the

Debtor's changes to the proposed order were inconsistent with the agreement of the parties. A true and correct copy of this email chain is attached as **Exhibit E**.

8. The delay in resolving the Debtor's use of cash collateral not only threatens Access Point's security but also impinges on Access Point's rights against the principals of the Debtor who guaranteed the Debtor's obligations owed to Access Point. Access Point sued the two guarantors, Mr. Gosal and Mr. Johal, on March 4, 2021 in the United States District Court for the Northern District of Georgia. While Mr. Gosal has been successfully served Mr. Johal has not despite repeated attempts made by process servers[1]. On March 16, 2021, counsel to Access Point inquired if counsel to the Debtor's principals would accept service on their behalf of the suit against Mr. Johal pending in the United States District Court for the Northern District of Georgia. On March 19, 2021, Access Point's counsel followed up again on that request. A true and correct copy of the email is attached hereto as **Exhibit F**.

9. As part of the agreement on the use of cash collateral reached on March 20, 2021 and announced to this Court on March 22, 2021, counsel for Mr. Johal would acknowledge service in return for both Mr. Johal's and Mr. Gosal's response to the lawsuit being extended by consent through and including June 21, 2021. A true and correct copy of the emails setting out this agreement are attached hereto as **Exhibit G**. In addition to the lack of adequate protection payments, Access Point has been harmed by the delay in resolving the use of cash collateral as, since March 20, 2021, it had ceased its efforts to serve Mr. Johal given the agreement in place, contingent upon entry of the final cash collateral order, causing a two week delay in its service efforts.

---

[1] Access Point has granted a limited extension of Mr. Gosal's response, which was due on March 31, 2021 through and until April 6, 2021 because of the delay in getting to a final cash collateral,

10.    The Debtor wrecked the finalization efforts of the proposed cash collateral order (and correspondingly not make any adequate protection payments) by materially altering the terms of the parties' agreement related to the use of cash collateral.  The Debtor now alleges that Access Point has violated the automatic stay by seeking a sale of the equity pledged to it by YC Fernley Hotel, LLC ("YC Fernley"), which is simply not true. A true and correct copy of the email from Debtor's counsel to Access Point's counsel asserting a violation of the stay is attached hereto as **Exhibit H**.   Prior to the bankruptcy filing of YC Fernley[2], Access Point was seeking to foreclose of the YC Fernley equity pledge but doing so is not a violation of the automatic stay.  Based on the Debtor's response and allegations of a violation of the automatic stay for Access Point seeking to foreclose on the property of YC Fernley Hotel, LLC – namely its pledge to Access Point - the Debtor has materially departed from the negotiated deal.

11.    Additionally, the Debtor's financial affairs appear to be ever-evolving.  On April 2, 2021, the Debtor filed amended schedules which disclosed several intercompany transfers and transactions for the first time.  This morning, on April 5, 2021, the Debtor again amended its schedules to make additional disclosures.  This behavior is just one example, of many, showing the constant changing landscape of this case.  New, significant facts come to light almost by the hour.  The facts known to Access Point at the time of entering into the agreement, which the Debtor sought to materially alter, were substantially different than what is now known.  Ultimately, this shows that there is no agreement between the parties on cash collateral and such an agreement will not be reached consensually.

---

[2] YC Fernley filed for bankruptcy protection on March 29, 2021 in the U.S.B.C. for the N.D. GA. Case No.21-52543.

12. Accordingly, Access Point asks that the Court, if necessary depending on the outcome of the hearing on the Motion to Convert and the Motion to Appoint a Chapter 11 Trustee set for Tuesday, April 6, 2021, re-set the evidentiary hearing on the *Motion of Debtor-In-Possession for Interim and Final Orders (a) Authorizing the Use of Cash Collateral Pursuant to Section 363(c) of the Bankruptcy Code; and (c) Scheduling a Final Hearing on the Valuation and Use of Cash Collateral* (Dkt. No. 8) (the "Cash Collateral Motion") and the *(1) Objection to Motion of Debtor-In-Possession for Interim and Final Orders (A) Authorizing the Use of Cash Collateral Pursuant to Section 363(c) of the Bankruptcy Code; and (c) Scheduling a Final Hearing on the Valuation and Use of Cash Collateral, and (2) Request for Adequate Protection Pursuant to Section 363(e)* (Dkt. No. 15) ("Objection to Cash Collateral").

13. Additionally, Access Point will seek to move for sanctions which were only waived, as disclosed to the Court, as part of a consensual cash collateral order which is non-existent. The Court's Order at docket number 89, entered on March 23, 2021, was entered after and premised upon the announcement that, as part of the final cash collateral settlement, Access Point would not seek sanctions against the Debtor for its violation of the *Interim Order Pursuant to Sections 361 and 363 of the Bankruptcy Code and F.R.B.P. 4001 (i) Authorizing Use of Cash Collateral, (ii) Granting Adequate Protection, and (iii) Scheduling a Continued Final Hearing for March 22, 2021* (Dkt. No. 26) (the "Interim Cash Collateral Order"). However, without there actually being a cash collateral settlement, Access Point believes that this Court's Order at docket number 89 should be revised to accurately represent that Access Point can still move for sanctions as previously set forth in this Court's Order at docket number 79.

45313508 v5                                          5

14. On April 1, 2021, in response to and based upon the material alterations to the proposed cash collateral terms made by Debtor, Access Point made clear that it did not consent to the further use of its cash collateral which position Access Point maintains.

**WHEREFORE**, Access Point respectfully requests that the Court (i) re-set the evidentiary hearing that was previously scheduled on the Cash Collateral Motion and the Objection to Cash Collateral and (ii) allow Access Point to move for sanctions against the Debtor for violation of the Interim Cash Collateral Order.

Respectfully submitted this the 5th day of April, 2021.

                                                s/Graham H. Stieglitz
                                                Graham H. Stieglitz
                                                Georgia Bar No. 682047
                                                Adolyn C. Wyatt
                                                Georgia Bar No. 578601
                                                gstieglitz@burr.com
                                                awyatt@burr.com

                                                *Attorneys for Access Point Financial LLC*

BURR & FORMAN LLP
171 Seventeenth Street, N.W., Suite 1100
Atlanta, Georgia  30363
(404) 815-3000

45313508 v5

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of April, 2021, I electronically filed **ACCESS POINT FINANCIAL, LLC'S RESPONSE TO DEBTOR'S STATUS REPORT** with the Clerk of Court using the CM/ECF system and a true and correct copy of the foregoing has been served on the following via electronic means through the Court's electronic filing system and/or via US Mail:

David L. Bury, Jr.
Stone & Baxter, LLP
Suite 800
Fickling & Co. Building
577 Mulberry Street
Macon, GA 31201
dbury@stoneandbaxter.com

Vanessa A. Leo
Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive SW
Atlanta, GA 30303
Vanessa.A.Leo@usdoj.gov

Andres H. Sandoval
Assistant U.S. Attorney
United States Attorney's Office
75 Ted Turner Drive SW, Suite 600
Atlanta, Georgia 30303
Andres.sandoval@usdoj.gov

Anna M. Humnicky
Small Herrin, LLP
2727 Paces Ferry Road
Building 2, Suite 200
Atlanta, GA 30339
ahumnicky@smallherrin.com

/s/Graham H. Stieglitz
Graham H. Stieglitz
Georgia Bar No. 682047
gstieglitz@burr.com

BURR & FORMAN LLP
171 Seventeenth Street, N.W., Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

45313508 v5

7

45313508 v5