**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| YC ATLANTA HOTEL LLC | : | CASE NO. 21-50964-bem |
| | : | |
| DEBTOR. | : | |
| | : | |
| NANCY J. GARGULA, | : | |
| UNITED STATES TRUSTEE, | : | |
| | : | |
| MOVANT. | : | |
| | : | |
| -vs- | : | CONTESTED MATTER |
| | : | |
| YC ATLANTA HOTEL LLC | : | |
| | : | |
| RESPONDENT. | : | |

**UNITED STATES TRUSTEE'S RESPONSE**
**TO DEBTORS' AMENDED SCHEDULES AND STATUS REPORTS**

Nancy J. Gargula, United States Trustee for Region 21, and files this response in opposition to Debtor's Notice of Status Regarding Schedules and Statements (Dkt. No. 88), Status Report of Debtor Regarding Cash Collateral (Dkt. 112), Debtor's Amended Schedules A/B, D, E, F, G, Statement of Financial Affairs (Dkt. Nos. 114, 115, 117, 118, 121), Debtor's Response in Opposition to the Motion to Convert or Appoint a Chapter 11 Trustee (Dkt. No. 120) and Debtor's Supplemental Exhibit List to Add Expert Report and Attachment #1 Exhibit D28 (Dkt. No. 122) and Debtor's Second Status Report Regarding Amended Schedules and Statements (Dkt. No. 123).

1.　　On February 3, 2021, YC Atlanta Hotel LLC ("Debtor") filed a l voluntary petition for relief under chapter 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Georgia.

2. On February 8, 2021, the Debtor filed its Application for First Enlargement of Time to File Schedules, Statements, Lists, and Initial Reports. (Dkt. No. 12)

3. On February 11, 2021, the Court entered an Order Enlarging the Time to File Statements of Financial Affairs, Schedules, lists and initial reports setting a deadline of February 25, 2021. (Dkt. No. 18)

4. On February 25, 2021, the Debtor filed its initial Schedules A through H, Statement of Financial Affairs, Summary of Assets and Liabilities for Non-Individual Debtor and Amended List of Creditors (the "Schedules"). [Dkt. No. 44]

5. Also, on February 25, 2021 the Debtor filed its Second Application for Enlargement of Time to File Schedules, Statements, Lists, and Initial Reports. (Dkt. No. 43)

6. On March 4, 2021, the United States Trustee commenced the section 341 first meeting of creditors, at which Baldev Johal testified as the authorized representative and managing member of the Debtor. As a result of Mr. Johal's testimony that he did not know the answers to a prolonged series of questions about basic ownership facts, the hotel's physical location, operating activities, essential governance mechanisms of the Debtor, it's assets, liabilities and property of the estate the United States Trustee continued the 341 meeting of creditors until April 7, 2021.

7. On April 2, 2021, the Debtor filed their First Amendment to Schedule A/B: Real and Personal Property, Declaration for Non-Individual Debtor and Summary of Assets and Liabilities (Doc. No. 114), Schedule D: Creditors Who Have Claims Secured by Property and Schedule E/F: Creditors Who Have Unsecured Claims (Dkt. No.115), Schedule G: Executory Contract and Unexpired Leases (Dkt. No. 117), and Statement of Financial Affairs ( the "First Amended Schedules"). [Dkt. No. 118].

8. The First Amended Schedules make the following changes as it relates to Schedule A/B: (i) decreases the amount of cash and cash equivalents from $52,532.49 to $38,071.67; (ii) increases the amount of accounts receivables from $7,3239.62 for accounts 90 days old or less to $64,707.46; and increases accounts over 90 days old from $4,759.10 to $21,886.40; (iii) increases the value of machinery equipment and vehicles from $0.00 to $936,022.00; (iv) decreases the value of real property from property from $11,801,200.00 to $6,280,000.00 significantly impacting the secured claims and the rights of secured creditors Access Point Financial, LLC and the Small Business Administration.

9. Further, Debtor's First Amended Schedules E/F increases the amount of nonpriority unsecured claims from $268,007.46 to $1,573,970.04. The entire increase is related to payment of debts allegedly owed to the following insiders or affiliates of the Debtor: Latrobe Management Services in the amount of $60,000.00 for alleged debts related to utilities and working capital; Pemberley Hotel Group, LP in the amount of $300,000.00 for alleged debts related to the Debtor's purchase of its primary hotel business; The Kishan Group in the amount of $82,433.95 for alleged debts related to expenses advanced on behalf of the Debtor; YC Juneau Hotel LLC in the amount of $168.28 for alleged debts related to expenses advanced on behalf of the Debtor; YC Rivergold Hotel LLC in the amount of $845,000.00 for alleged debts related to related to the Debtor's purchase of its primary hotel business; and YC Seward Hotel Group LLC in the amount of $19,903.86 for alleged debts related to expenses advanced on behalf of the Debtor for a leased temporary general manager.

10. Debtor's First Amended Statement of Financial Affairs reflects multiple substantial revisions as it relates to certain potential payments, transfers and credits to insiders or affiliates of the Debtor.

11. Additionally, Debtor's First Amended Schedule G now seeks into include four (4) additional executory contracts as part of the Debtor's estate property. Of the four (4) additional executory contracts, the Debtor now seeks to include their contract with Latrobe Management Services, another insider of the Debtor.

12. Lastly, Debtor's Second Amended Schedules A/B filed on April 5, 2021 now includes previously undisclosed assets totaling $612,199.08.

13. On March 16, 2020 the United States Trustee issued an inquiry to Debtor's counsel with multiple pre-petition transactions related to potential insiders and affiliates requiring explanation and documentation. To date, the Debtor has failed to provide a response a full response with official documentation to substitute the transactions and financial dealings of the Debtor.

**Debtors filed the First & Second Amended Schedules in bad faith**

14. A debtor in possession surcharged with carrying out certain duties. To the extent that section 1107(a) provides a debtor in possession is required to perform all the duties of a trustee other than certain investigative functions, including the responsibility to file list of creditors, schedules of assets and liabilities, a statement of the debtor's financial affairs, a statement of executory contracts, and other financial information.

15. The debtor bears the burden of filing these schedules, statements, and lists, and holds a supplemental duty to file periodic reports concerning the business operations. Further, Fed. R. Bankr. P. 2015 imposes upon the debtor in possession or trustee the duty to keep records, make reports, and give notices in the case. To whatever extent the debtor fails to perform these obligations, the court may direct the trustee or another party to perform in the debtor's stead.

16. Under Fed. R. Bankr. P. 1009, a debtor may generally amend its schedules at any time prior to the bankruptcy case being closed.

17. A court may deny leave to amend the schedules if there is a showing of bad faith or prejudice to the debtor's creditors. *In re Zwirn*, No. 04-40306, 2007 WL 1239059 at *2 (Bankr. S.D. Fla. Mar. 9, 2007) (*citing Matter of Doan*, 672 F.2d 831, 833 (11th Cir. 1982); *In re Green*, 268 B.R. 628, 655-56 (Bankr. M.D. Fla. 2001)).

18. When analyzing the possible bad faith basis of an amendment, the focus by the Court should be on the "debtor's purpose." *In Re Talmo*, 185 B.R. 637, 648 (Bankr. S.D. Fla. 1995).

19. In cases addressing amendments to claims of exemption and amendments to pending complaints, bad faith is found where the party filing the amendment "intentionally waits to bring their amendment to help their own case or to hurt their opponent's," *In re Johnson*, No. 16-51072, 2017 WL 3701221, at *2 (Bankr. N.D. Ga. Aug. 25, 2017).

20. Here, Debtors first have filed multiple amendments and status reports and supplemental pleadings on April 5, 2021 the eve of an evidentiary hearing to appoint a chapter 11 trustee or conversion to chapter 7.

21. Debtors did not assign a value to certain assets, failed to include assets, failed to include liabilities, but most importantly failed to disclose the debts, transfers, payments and dealings with insiders and affiliates of the Debtor to the day before the evidentiary hearing on appoint a chapter 11 trustee or conversion to chapter 7.

22. Debtors amended their schedules to substantially increase the value of certain assets, claims and potential liabilities with the sole purpose of frustrating the United States Trustee's motion. It appearing the amended schedules were filed with an improper purpose and in bad faith.

**Debtor's Untimely Additional Filings**

23.     Based on the Debtor's multitude filings in the case[1] ton April 5, 2021 including contradictory information contained therein, the Court should not proceed with the evidentiary hearing scheduled on April 6, 2021, as it appears the Debtor has intentional frustrated the underlying record. Moreover, Debtor's filings are untimely, intentionally prejudicial to all parties in the present case, speculative and potentially unsubstantiated given Debtor's own failure to attach a verified statement executed by the Debtor's authorized representative as to the repeated pleadings filed as Status Reports.

24.     Additionally, as it relates to the Debtor's Supplemental Exhibit List to Add Expert Report and Attachment #1 Exhibit D28 (Dkt. No. 122) the United States Trustee contends it should be stricken from the record as a result of the Debtor's additional failure to comply with this Court's Orders.  More particularly, the Debtor was required to file all of its Exhibits on March 31, 2021 pursuant to and Notice of Evidentiary Hearing with Deadline for Objections. [Dkt. No. 95]

25.     Further, Debtor has now untimely declared it intends to present an expert witness report, and to substantiate the report have Richard Gaudet of GGG Partner's testify.  Mr. Gaudet and GGG Partners have yet to be approved for employment by the Debtor. Moreover, questions remain as to the disinterestedness of both Richard Gaudet and GGG Partner and should be stricken until such time as this Court approves Debtor's employment application.

26.     As such, the Court should not proceed on the United States Trustee's Motion for Appointment of a Chapter 11 Trustee or Conversion as presently filed until all additional parties in interest pursuant to the amendments can be afforded proper notice and time to respond as a

---

[1] Debtor's Status Report of Debtor Regarding Cash Collateral (Dkt. 112), Debtor's Amended Schedules A/B, D, E, F, G, Statement of Financial Affairs (Dkt. Nos. 114, 115, 117, 118, 121), Debtor's Response in Opposition to the Motion to Convert or Appoint a Chapter 11 Trustee (Dkt. No. 120) and Debtor's Supplemental Exhibit List to Add Expert Report and Attachment #1 Exhibit D28 (Dkt. No. 122) and Debtor's Second Status Report Regarding Amended Schedules and Statements (Dkt. No. 123)

result of the Debtor's tardily filed amendments, inconsistent information provided and the potential for additional claims and interests.

27. Alternatively based on the Debtor's conduct the Court should consider the appointment of a chapter 11 trustee *sua sponte*.

**Conclusion**

28. Based on the documents provided, the United States Trustee submits that the Debtor's amended and supplemental filings are untimely, in bad faith and have frustrated the procedural requirements for this Court to proceed with the scheduled evidentiary hearing on April 6, 2021 on the United States Trustee's Motion for Appointment of Chapter 11 Trustee or in the Alternative Conversion to Chapter 7 as filed.

29. Alternatively based on the pleadings before this Court, *sua sponte* order the appointment of a chapter 11 trustee.

WHEREFORE the United States Trustee respectfully requests the Court grant the relief sought in this Response; alternatively the immediate entry of an order appointing a trustee; and for such other relief as the court deems necessary and appropriate.

Dated: April 6, 2021

NANCY GARGULA
UNITED STATES TRUSTEE
REGION 21
By: _____/s/_____
Vanessa A. Leo
Georgia Bar No. 410598
United States Department of Justice
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive SW
Atlanta, Georgia 30303
(404) 331-4437

## CERTIFICATE OF SERVICE

This is to certify that the U*nited States Trustee's Response to Debtor's Amended Schedules* has been electronically filed using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

    David L. Bury     dbury@stoneandbaxter.com, MBelflower@stoneandbaxter.com;lchapman@stoneandbaxter.com;7732720420@filings.docketbird.com
    Anna Mari Humnicky     ahumnicky@smallherrin.com, klemons@smallherrin.com;notices@nextchapterbk.com;lcarlton@smallherrin.com
    Vanessa A. Leo     ustpregion21.at.ecf@usdoj.gov, Vanessa.A.Leo@usdoj.gov
    Thomas B. Norton     tnorton@stoneandbaxter.com, lford@stoneandbaxter.com;mbelflower@stoneandbaxter.com
    Andres H. Sandoval     andres.sandoval@usdoj.gov, charlie.cromwell@usdoj.gov;Larissa.selchenkova@usdoj.gov
    Graham H. Stieglitz     gstiegli@burr.com
    Ward Stone     wstone@stoneandbaxter.com, dbury@stoneandbaxter.com;mcathey@stoneandbaxter.com;lford-faherty@stoneandbaxter.com;MBelflower@stoneandbaxter.com;lchapman@stoneandbaxter.com
    Adolyn C. Wyatt     awyatt@burr.com, dsteiger@burr.com

I further certify that on this day, I caused a copy of this document to be served via United States First Class Mail, with adequate postage prepaid on the following parties at the address shown for each:

YC Atlanta Hotel LLC
5851 S. Virginia Street
Reno, NV 89502-6022

YC Atlanta Hotel LLC
**Attention: Registered Agent – Baldev Johal**
1419 Virginia Ave.
College Park, GA 30337

**ALL PARTIES PURSUANT TO THE ATTACHED MAILING MATRIX**

| | |
|---|---|
| Dated: April 6, 2021 | NANCY J. GARGULA<br>UNITED STATES TRUSTEE<br>REGION 21<br><br>By: /s/ Vanessa A. Leo<br>　　Vanessa A. Leo<br>　　Georgia Bar No. 410598 |