IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| YC Atlanta Hotel, LLC | ) | CASE NO. 21-50964-BEM |
| | ) | |
| *Debtor.* | ) | |
| | ) | |

## EXAMINER'S SECOND INTERIM REPORT

The Examiner was appointed pursuant to the Order Denying Appointment of a Chapter 11 Trustee and Appointing an Examiner ("Examiner Order" Dkt #152) entered on May 19, 2021 and the Order Approving Appointment of Examiner ("Examiner Approval" Dkt #164) entered on June 10, 2021, to supervise and oversee the financial affairs of the Debtor ("YC Atlanta" or the "Company").

The Examiner filed his First Report To The Court (The "Initial Report" Dkt #188), as required by the Examiner Order, on July 12, 2021. This is the Examiner's Second Report.

I. **Examiner's Duties, Responsibilities, and Powers**

The Examiner Order detailed specific issues, responsibilities, and powers for the Examiner's consideration during the course of his appointment including, without limitation, the following:

1) Investigate the day-to-day operations of Debtor's accounting and administrative functions;
2) Supervise and oversee the accounting treatment of all receipts and expenditures in Debtor's books and records;
3) Supervise and oversee the preparation on budgets and reports, including the Monthly Operating Reports (the "MORs");
4) Execute a statement accompanying each monthly operating report filed by the Debtor that the report has been reviewed by the Examiner and states whether the Examiner agrees with the report or has any concerns about the report;
5) Investigate the recording of transactions in Debtor's books from November 15, 2019 forward;

551198:1:ATLANTA

6) Identify any potential avoidance actions evident from the investigation of Debtor's books and records and report any such actions to the Court and the Parties.

II. **Examiner's Work Since His Appointment**

　　i. **Established Contact With All Relevant Parties In The Case**

After his appointment the Examiner reached out to all of the pertinent parties to the matter, specifically: the Debtor and its Counsel, Counsel for Access Point Financial, and Counsel for the Small Business Administration ("SBA").

　　ii. **Moved To Employ Counsel and Accountants**

The Examiner notified the US Trustee's office that he would be looking to employ Moore Colson & Company to assist him with his duties, especially pertaining to the MOR and accounting reconciliation work that the Court requested, as well as, the forensic investigative work associated with the Examiner's duties. In addition, the Examiner identified legal counsel with the appropriate background and lack of conflicts to assist him with his duties. The employment of both Moore Colson and Counsel were subsequently approved by the Court (Dkt #193 & #198).

　　iii. **Conducted Site Visit of Debtor's Hotel Property**

Members of the Examiner's team conducted an in-person site visit of the hotel property on June 23, 2021. The property's manager, Jason Weir, conducted the tour. A detailed overview of the site visit and the Examiner Team's findings, as well as, photographs of the hotel property, can be found in the Initial Report (Section 4.1 pages 11-17 and Exhibit 3).

　　iv. **Provided Debtor With Initial Information Request & Held Initial Call With Debtor's Management And Counsel**

After the site visit, the Examiner and his team provided a detailed initial information request to the Debtor's Counsel. This request was comprised of what the Examiner believes are relatively basic financial and operational data requests. A copy of this initial information request is attached as Exhibit A with received items noted as such. The next day, the Examiner and his team held a lengthy conference call with the Debtor's management and Counsel. The Examiner felt that it was a good initial call and yielded good information regarding the Debtor's management's methodologies on operating its hotels. Information from this call was utilized in the preparation of the Initial Report.

551198:1:ATLANTA

v. **Established Procedures For Information Distribution**

The Examiner and his team worked with the Debtor and its Counsel to establish weekly and monthly procedures by which the Debtor would send the Examiner and his team financial and operational data prior to it being provided to the Court. The Examiner's team would then have a specified amount of time to review the data and ask questions. Assuming this all happened in a timely manner, it would allow the Debtor to file its monthly requirements with the Court on time (see Initial Report section 3.3). These procedures covered the Debtor's cash collateral budgets and the MOR. During June and a portion of July, these procedures appeared to be working well. However, after the Examiner filed his Initial Report on July 12, the Debtor ceased sending all data consistent with the procedures in place for that week. This specifically impacted the Examiner's ability to review the Debtor's June MOR before it was to be filed. The Examiner's Counsel reached out to the Debtor's Counsel on July 20 to inquire as to why this has occurred. Ten (10) days after the filing of the Initial Report, Debtor's Counsel provided the Examiner's team with a copy of the June MOR. On July 27, Debtor's Counsel provided the Examiner and his team with cash collateral information for the previous three (3) week periods. As of the filing of this report, the Examiner's team has completed its analysis of the June MOR and the Examiner filed his review of the June MOR contemporaneously with this report. The Examiner's team expects to complete its review of the cash collateral budgets the week of August 2nd. In addition, on July 15, the Examiner sent an email to Debtor's Counsel requesting that the remaining information from the Examiner's initial information request be provided immediately so that the Examiner could begin addressing the other action items requested by the Court. On July 23 Debtor's Counsel responded with a list of items that they would be providing. As of July 30, the Debtor has provided a significant, but not all, of the initial information request (see Exhibit "A" for details). The Examiner has provided a follow-up request for additional information as of the filing of this report. Without obtaining the requested information from the Debtor, it is impossible for the Examiner to complete items five (5) and six (6) of the Court's requirements noted above.

vi. **Completion And Filing Of The Initial Report**

During the two (2) week period following the Examiner's initial call with the Debtor's management, the Examiner and his team compiled and analyzed all available information, had subsequent communications with the Debtor and its Counsel, as well as, Counsel for Access Point Financial primarily regarding the hotel property's finances and operations. All of this was done in order to be able to draft the Initial Report and file it, per the Court's instructions, on July 12, 2021.

vii. **Review Of May MOR**

Pursuant to the aforementioned procedures that the Examiner and his team established with the Debtor, the Examiner's team reviewed the Debtor's already filed MOR for May pursuant to the Court's requirements (refer to sections 3.4 and 4.4 of the Initial Report for details). Having completed the review, on July 2 the Examiner filed his acknowledgment regarding the details contained in the MOR (Dkt. #182).

viii. **Managed Administrative Issues**

During the period in question, the Examiner and his team addressed administrative issues as they arose. This would include such item as reviewing Orders associated with the preparation of fee applications and compiling relevant data, creating report templates as required, and addressing communications with the U.S. Trustee's office.

Respectfully submitted, this 2nd day of August, 2021.

_____
Christopher Tierney
Court-Appointed Examiner
For YC-Atlanta Hotel, LLC

551198:1:ATLANTA

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2021, a copy of the foregoing *Notice of Filing Examiner's Second Interim Report* was electronically filed and served via the Court's CM/ECF system upon all parties registered to receive notice.

/s/ Eric J. Breithaupt
Counsel to the Examiner
GA Bar #596142

**MC MOORE COLSON**
*CPAs and Advisors*

energy . insight . growth

### EXHIBIT A

YC Atlanta Hotel, LLC ("YC Atlanta" or "the Company")

Please provide Moore Colson with the following information:

1. Articles of Organization for the Company. Received.
2. Bylaws, shareholder agreements, and/or operating agreements for the Company. Received.
3. List of investors, including percentage ownership for the Company. Received.
4. Copies of the following for the Company's member YC Fernley Hotel LLC:
    a. Articles of Organization for YC Fernley Hotel LLC
    b. Bylaws, shareholder agreements, and/or operating agreements for YC Fernley Hotel LLC.
5. List of investors, including percentage ownership for the YC Fernley Hotel LLC. Received.
6. Any meeting minutes for the Company since its inception in 2019.
7. Any resolutions or other written documents of formal actions taken by the Company's owners since its inception in 2019.
8. Personnel organization charts for the Company. Received.
9. List of software systems used by the Company for accounting, payroll, and hotel room rental tracking. Received.
10. Electronic backup of the Company's financial accounting system in its native format (i.e. QuickBooks backup file). Received.
11. Annual property tax bills for the building located at 1418 Virginia Avenue, Atlanta, GA 30344 (the "Property"). Received.
12. Tax returns including all schedules since the Company's inception (e.g. 1120, 1120S, 1065, etc.). Received 2019.
13. Bank statements including copies of cancelled checks and deposit details for all accounts relating to cash and cash equivalents on the Company's balance sheet and the related reconciliations, since the company's inception in 2019. Received November 2019-May 2021 bank statements. Still need cancelled checks and deposit details.



**ANNIVERSARY**

*Thinking Forward.
Giving Back.*

600 galleria parkway se
suite 600
atlanta, georgia 30339
p 770.989.0028
f 770.989.0201
MooreColson.com





energy . insight . growth

14. Credit card statements and the related reconciliations for any cards used by the Company since the Company's inception in 2019. Received November 2019-May 2021 credit card statements for Bank of America Visa Signature Card x6363 and Lowes Business American Express x7-64001. Received Home Depot Commercial Account x9295 credit card statements for the period January 2020 - February 2021; still need March 2021 to present. Received Home Depot Commercial Account x0206 credit card statements for the period February 2020- April 2020; still need November 2019 - January 2020 and May 2020 to present.
15. Any operating or management service agreements, including amendments, in effect since the Company's inception in 2019 (e.g. Management Services agreement with Latrobe Management Services).
16. Lease agreements and any amendments for all tenants of the Property since the Company's inception in 2019 (e.g. La Fiesta Restaurant). Received.
17. Any reports (monthly, quarterly, or annual) provided to Choice Hotels International, Inc. since the Company became a franchisee of Choice Hotels International, Inc. (e.g. Monthly Star Reports for the Property). Received December 2019-May 2021.
18. Copy of the Company's Franchise Agreement with Choice Hotels International, Inc. Received.
19. Copy of the Property Improvement Plan ("PIP") including any requested change orders along with the status of the change order (e.g. approved, denied, withdrawn, etc.) Received.
20. Copy of the PPP loan application and confirmation of forgiveness from the SBA and/or the Company's lender. Received SBA forgiveness confirmation from SBA. Still need loan application.
21. Copy of the note for the Company's Economic Injury Disaster Loan ("EIDL") from the SBA.

MooreColson.com